# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO.  1:08CV252

| | | |
|---|---|---|
| **TERESA V. HARMON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM AND** |
| | ) | **O R D E R** |
| **MICHAEL J. ASTRUE, Commissioner** | ) | |
| **of Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on the parties' cross motions for summary judgment.  For the reasons stated herein, the Defendant's motion is granted and the Plaintiff's motion is denied.

## I.  STANDARD OF REVIEW

This Court does not conduct a *de novo* review of the decision of the Administrative Law Judge (ALJ).  ***Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986).**  In fact, under the statutory scheme of the Social Security Act, the reviewing court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through

application of the correct legal standard." ***Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); 42 U.S.C. § 405(6) (2001).** Substantial evidence is defined as that which "'a reasonable mind might accept as adequate to support a conclusion.'" ***Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (other citations omitted).** "'It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" ***Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)); *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).** If there is sufficient evidence to withstand a motion for a directed verdict had the case been before a jury, then the evidence is substantial and the ALJ's decision may not be overturned. ***Id.*** "It is not our place either to weigh the evidence or to substitute our judgment for that of the Secretary if that decision was supported by substantial evidence." ***Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).** Thus, the issue for resolution here "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." ***Craig, supra.***

Each party has moved for summary judgment, claiming they are entitled to judgment as a matter of law.  Summary judgment is appropriate if there is no genuine issue of material fact and judgment for the moving party is warranted as a matter of law.  **Fed. R. Civ. P. 56(c).**  A genuine issue exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party.  ***Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).**

Where the parties have cross-moved for summary judgment, the Court will consider each motion separately.  Thus, in considering the Plaintiff's motion, Plaintiff as the moving party has an initial burden to show a lack of evidence to support Defendant's case.  ***Shaw, supra* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).**  If this showing is made, the burden then shifts to the Defendant who must convince the Court that a triable issue does exist.  *Id.*  Such an issue will be shown "if the evidence is such that a reasonable jury could return a verdict for the [Plaintiff]."  *Id.*  A "mere scintilla of evidence" is not sufficient to defeat summary judgment.  *Id.*  After consideration of the Plaintiff's motion, the

same procedure is used in connection with Defendant's motion for summary judgment.

Thus, in considering the facts of the case for purposes of these cross motions, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.***, **475 U.S. 574 (1986).**

## II.  PROCEDURAL HISTORY

On April 15, 2005, Plaintiff filed a claim for disability insurance benefits alleging she became disabled as of February 1, 2002. **Transcript of Proceedings ("Tr."), filed August 26, 2008, at 131-34.** Her claim was denied initially and again upon reconsideration. ***Id.* at 37, 44, 337, 342.** Plaintiff timely filed a request for a hearing before an ALJ.  The hearing was held on December 4, 2007, where Plaintiff was present and represented by counsel; a vocational expert was also present and testified. ***Id.* at 347.**  On December 26, 2007, the ALJ issued a decision finding Plaintiff was not entitled to a period of disability or disability insurance benefits. ***Id.* at 28.**  Plaintiff filed a request for review by the Appeals Council. ***Id.* at 11.**  The Appeals Counsel denied Plaintiff's request for

review on May 16, 2008.  *Id*. at 5.  The decision became the final decision

of the Commissioner.  *See* **42 U.S.C. § 405(g).**  Plaintiff timely filed this

action having exhausted all available administrative remedies; the case is

now ripe for review under 42 U.S.C. § 405(g).


# III.  DISCUSSION

As noted above, Plaintiff alleges she became disabled as of February

1, 2002, and her last date insured for disability benefits was December 31,

2006.  **Tr. at 16.**

The Court has reviewed the administrative record submitted herein

and finds the ALJ's summary of the medical evidence, the Plaintiff's

testimony at the hearing, and that of the vocational expert, to be a accurate

recitation of the evidence.  *Id*. **at 20-27.**  Therefore, the Court adopts the

ALJ's summary and such is incorporated herein by reference.

Disability under the Social Security Act means the inability to engage

in any substantial gainful activity due to a physical or mental impairment

expected to result in death or to last for a continuous period of not less

than twelve months.  In determining whether or not a claimant is disabled,

the ALJ follows a five-step sequential process.  *See,* **20 C.F.R. § 416.920.**

If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. ***Pass v. Chater*, 65 F.3d 1200, 1203 (4ᵗʰ Cir. 1995).** The claimant "bears the burden of production and proof during the first four steps of the inquiry." ***Id.* (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4ᵗʰ Cir. 1992)).** If the claimant carries her burden through the fourth step then "the burden shifts to the Secretary in the fifth step to show that other work is available in the national economy which the claimant could perform." ***Hunter*, 993 F.2d at 35.**

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. ***Pass, supra*.** Second, the applicant must show a severe impairment. If the applicant does not show any impairment or combination thereof which significantly limits the physical or mental ability to perform work activities, then no severe impairment is shown and the applicant is not disabled. ***Id.*** Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the applicant is disabled regardless of age, education or work experience. ***Id.*** Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's

residual functional capacity and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. *Id.* Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. *Id.*

In this case, the ALJ made a determination at the fifth step that although Plaintiff was unable to perform any of her past relevant work, she was able to perform unskilled light work such as a companion, surveillance system monitor, and a mail clerk; that these jobs existed in significant numbers in North Carolina as well as the national economy and, therefore, Plaintiff was not disabled. **Tr. at 26-27.** He further found that, pursuant to Social Security Ruling ("SSR") 00-4p, the vocational expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). *Id.* **at 27.** Specifically, the ALJ found that based on Plaintiff's age, work experience, education and residual functional capacity, 20 C.F.R. § 404.1520(g) and § 416.920(g) directed a conclusion of "not disabled." *Id*. The Commissioner had carried the

burden of proving that Plaintiff was capable of performing a "significant number of jobs in the national economy[.]" ***Walls v. Barnhart*, 296 F.3d 287, 290 (4ᵗʰ Cir. 2002).** A claimant's residual functional capacity is defined as the most a claimant can do despite their limitations. ***See* 20 C.F.R. § 404.1545(a).** As required, the ALJ examined all of the relevant evidence in the record to determine claimant's residual functional capacity in reaching his decision. **20 C.F.R. § 404.1545(a)(4).**

In this case, the ALJ concluded that Plaintiff met the requirement of insured status through December 31, 2006, and had not engaged in substantial gainful activity since February 1, 2002. He further concluded that Plaintiff suffered the severe impairments of obesity, anxiety, neck pain due to a cervical disc bulge, status post bilateral shoulder surgeries, low back pain, and diabetes mellitus. **Tr. at 18.** He then determined that these impairments rendered the Plaintiff "unable to perform any past relevant work." *Id*. **at 26.** Even so, as correctly found by the ALJ, the Plaintiff admitted during her own testimony at the hearing that she has a ninth grade education; a valid driver's license; admitted to alcohol and crack cocaine use; does some baby sitting; does the grocery shopping; will dine out occasionally; she is able to dress and bathe herself without assistance;

she last worked in 2004 and is not currently looking for employment; she also described the back pain she suffered, the problems caused by two surgeries, a variety of family problems, and the eviction from her last residence. *See id*. **at 353-54, 358, 372, 374, 377.**

Plaintiff's mental and physical complaints do not coincide with consulting evaluations. Those consultations revealed that Plaintiff can occasionally lift and carry 20 pounds; frequently lift and carry 10 pounds; stand and walk, with normal breaks, 6 hours out of an 8-hour workday; push and pull hand or foot controls without limitation; occasionally climb ladders and stairs; balance, stoop or crouch and kneel without limitation; she is limited in her ability to reach in all directions, including overhead; she is unlimited in her abilities in handling, fingering and feeling; she has no visual limitations; and has no environmental limitations, but should avoid concentrated exposure to hazards. *Id*. **at 122-27.** She was further observed to have exhibited normal coordination, station and gait and was capable of light exertion. *Id*. **at 128-29.**

Plaintiff was found to have no significant limitations of ability to remember locations, work-like procedures, to understand and remember very short and simple instructions, but she was moderately limited in her

ability to understand and remember detailed instructions.  She was found

to have no significant limitations in her ability to sustain an ordinary routine

without special supervision, to ask simple questions or request assistance,

to maintain socially appropriate behavior and adhere to basic standards of

neatness and cleanliness, to be aware of normal hazards and take

appropriate precautions, or travel in unfamiliar places or use public

transportation.  Likewise, she was found to have no significant limitations in

her ability to set realistic goals or make plans independently of others.  She

was found to be moderately limited in her ability to maintain attention and

concentration for extended periods, to perform activities within a schedule,

to maintain regular attendance, and to be punctual within customary

tolerances; to work in coordination with or proximity to others without being

distracted by them; to interact appropriately with the general public; to

accept instructions and respond appropriately to criticism from supervisors;

to get along with coworkers or peers without distracting them or exhibiting

behavioral extremes; and to respond appropriately to changes in the work

setting.  The consultant stated that it was his opinion that the Plaintiff could

perform work in a low production, low stress environment with little demand

for social contact.  *Id*. **at 130-32.**  The ALJ found these consultants'

opinions to be valuable in reaching his decision.  In doing so, the ALJ

made the following observation:

> Most important in evaluating this case is the claimant's poor
> credibility.  The claimant testified that she only drank a "couple
> of beers here and there."  However, the record shows that she
> used significant amounts of alcohol until January 2005.  The
> record also shows conflicting statements regarding her history
> of drug abuse and also shows that she was discharged from a
> physician due to drug seeking behavior.  This lack of credibility
> creates a problem in assessing residual functional capacity
> because so much of disability adjudication is based on the
> subjective statements of the claimant.  In fact, the regulations
> dealing with the evaluation of symptoms, 20 CFR 404.1529,
> [are] more than three pages long.  The credibility of the
> claimant is important in evaluating subjective complaints of
> impediments.  <u>Johnson v. Apfel</u>, 240 F.3d 1145 (8th Cir. 2001).
> Given all of the above, I conclude that the claimant's
> allegations of total disability are not credible.

*Id*. at 25.

"In reviewing whether substantial evidence supports the findings of

the Commissioner, '[the Court does] not undertake to reweigh conflicting

evidence, *make credibility determinations*, or substitute [its] judgment for

that of [the Commissioner].'"  ***Hailey v. Commissioner of Social Sec.***,

**284 F. App'x 100, 103 (4th Cir. 2008) (emphasis added) (quoting**

***Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).**  "An ALJ's

assessment of a claimant's credibility regarding the severity of pain is

entitled to great weight when it is supported by the record."  ***Kearse v.***

***Massanari*, 73 F. App'x 601, 603 (4th Cir. 2003) (citing *Shively*, 739 F.2d**

**at 989-90).**  The Court concludes, therefore, the ALJ's final determination

that Plaintiff's claim of total disability is not credible is supported by the

record and is consistent with the requirements of 20 C.F.R. § 404.1529(c).

The Plaintiff next contends that the finding by the ALJ that she could

perform unskilled light work such as a companion, surveillance system

monitor and a mail clerk, does not fit within her residual functional capacity

limitations and are in conflict with the DOT.  As noted above, the ALJ

specifically found that "[p]ursuant to SSR 00-4p, the vocational expert's

testimony was consistent with the information contained in the [DOT]."  **Tr.**

**at 27.**  SSR 00-4p provides, in part, that an ALJ must:

> identify and obtain a reasonable explanation for any conflicts
> between the occupational evidence provides by VE's or VS's
> and information in the [DOT], including its companion
> publication, the Selected Characteristics of Occupations
> Defined in the Revised [DOT] (SCO), published by the
> Department of Labor, and explain in the determination or
> decision how any conflict that has been identified was
> resolved.[1]

**SSR 00-4p (footnote added).**  The Defendant contends there was no such

conflict; the vocational expert found no conflict as did the ALJ.

---

[1] http://www.ssa.gov/OP_Home/rulings/di/02/SSR2000-04-di-02.html.

SSR 00-4p, by its very terms, requires the ALJ to first, identify a conflict, and if one is found then, second, to explain how the conflict was resolved.  As noted above, the ALJ specifically found that the vocational expert's testimony was consistent with the DOT and thus he identified no conflict.  **Tr. at 27.**  The Seventh Circuit examined SSR 00-4p, and concluded:

> The ruling requires an explanation only if the discrepancy was "identified" – that is, if the claimant (or the ALJ on his behalf) noticed the conflict and asked for substantiation.  Raising a discrepancy only after the hearing, as [claimant's] lawyer did, is too late.

*Donahue v. Barnhart*, 279 F.3d 441, 446-47 (7th Cir. 2002); *see also,*

*Fisher v. Barnhart*, 181 F. App'x 359, 365 (4th Cir. 2007) ("Social Security Ruling 00-4p clarifies 20 C.F.R. § 404.1566, which states, without more, that ALJs will consider both the [DOT] and vocational expert testimony to determine whether a Social Security claimant can find work suited to his residual functional capacity.  Noting that the sources should typically be consistent, Ruling 004-p nonetheless provides that '[w]hen there is an apparent unresolved conflict between [vocational expert] evidence and the [DOT], the adjudicator must elicit a reasonable explanation for the conflict before relying on

**the [vocational expert] evidence to support a determination or decision about whether the claimant is disabled.'  Specifically, the ALJ 'will inquire, on the record, as to whether or not there is such consistency.'").**

Returning to the present case, the ALJ posed an appropriate hypothetical question to the vocational expert regarding Plaintiff's residual functional capacity, age, education, and work history in an effort to determine whether Plaintiff could perform work at step five.  **Tr. at 382-85.** The vocational expert was then carefully cross examined by Plaintiff's attorney.  ***Id*. at 385-89.**  Based on all the testimony, including the vocational expert's testimony, the ALJ concluded that such testimony was consistent with the DOT.  Therefore, Plaintiff's assignment of error is overruled.

For the reasons set forth above, the Court finds that after careful review of the entire record in this case, the ALJ's decision denying Plaintiff disability benefits is supported by substantial evidence and based upon application of the correct legal standard.  Accordingly, the Court will uphold the ALJ's determination that Plaintiff is not disabled and, therefore, not entitled to disability benefits.  ***Craig*, 76 F.3d at 589.**

## V.  ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for summary judgment is **DENIED,** and the Defendant's motion for summary judgment is hereby **ALLOWED**.  A Judgment affirming the Commissioner's decision denying benefits to the Plaintiff is filed herewith.

Signed: August 20, 2009

Lacy H. Thornburg
United States District Judge